IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA ZAGARI,                                )
                                              )
      Plaintiff,                            )
                                              )
-vs-                                          )   Civil Action No.  19-1674
                                              )
                                              )
ANDREW M. SAUL,                               )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
      Defendant.                            )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

**I.      BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on August 7, 2018. (ECF No. 6-2, pp. 56-93),  On December 5, 2018, the ALJ found Plaintiff was not disabled under the Act.  (ECF No. 6-2, pp. 13-49).

.       After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10).  The issues are now ripe for review.

## II.     LEGAL ANALYSIS

### A.     Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

2

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.     Step Two**

Plaintiff first argues the ALJ's findings that her thyroid condition and her carpal tunnel syndrome are non-severe are not supported by substantial evidence.  (ECF No. 9, pp. 10-11). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).  Importantly, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).  The question of severity relies not on the particular condition, but on the limitations stemming from that condition.  *Id.*  To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).  If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Typically, at step two when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the

claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5  (W.D.Pa. March 24, 2009); *Hanke v. Astrue*, No. 12-2364, 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).  Rather, the ALJ proceeds beyond step two.  In so doing, an ALJ makes a residual functional capacity (RFC)[1] determination taking into consideration all impairments, including any impairment that is not severe.  Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RFC.

       1.     Plaintiff's Thyroid Condition

In this case, Plaintiff argues that the ALJ's opinion that her thyroid condition was non-severe was not supported by substantial evidence because the ALJ did not read the entire record or that he misunderstood the record. (ECF No. 9, pp. 10-11).  In support of the same, Plaintiff points to the sentence that the ALJ wrote indicating her "thyroid was nontender, normal consistency, and normal size," yet Plaintiff's thyroid was previously removed.  *Id.*  After a review of the record, I disagree that the ALJ did not read the entire record or misunderstood the record. To be clear, as cited by the ALJ, the reference that her "thyroid was nontender, normal consistency, and normal size"  was taken directly from the medical record of Plaintiff's family doctor dated 5/3/2016.  *Compare,* ECF No. 6-2, p. 21 *with* No. 6-1, p. 76. Thus, the ALJ was merely citing the doctor's observation.  Additionally, the recitation of the medical records regarding Plaintiff's thyroid condition was under the heading "Status post thyroid removal." (ECF No. 6-2, p. 20).  Therein, the ALJ specifically discussed, in detail, her physical condition after her thyroid removal *Id.* at pp. 20-22.  Throughout the decision, the ALJ referenced, documented and noted that Plaintiff's thyroid was removed.  *Id.* at pp. 16-22.  Consequently, I

---

[1]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

4

find no merit to the contention that the ALJ did not review the entire record or that he misunderstood the record as it relates to Plaintiff's thyroid condition.

### 2. Plaintiff's Carpal Tunnel Syndrome

Plaintiff next argues that the ALJ erred in his assessment that her carpal tunnel syndrome is nonsevere. (ECF No. 9, pp. 11-14). To that end, Plaintiff submits that the ALJ wrongly emphasized a "failure to follow prescribed treatment line of thought." *Id.* at p. 11. After a review of the record, however, I do not find the ALJ improperly mentioned Plaintiff's noncompliance generally or specifically with regard to wearing a wrist splint while discussing the severity of her symptoms. "The failure to follow through with prescribed courses of treatment is a factor that the ALJ may consider in assessing the severity of an impairment." *Honkus v. Colvin*, No. 2:13CV1830, 2015 WL 225391, at *16 (W.D. Pa. Jan. 16, 2015).

Plaintiff also suggests that the ALJ erred by cherry picking a statement in a medical record that that Plaintiff is able to perform her activities of daily living. *Id*. at pp. 11-12. After a review of the same, I find nothing inappropriate in the documenting of this evidence. "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). Additionally, a plaintiff need not be pain-free or symptom-free for a condition to be nonsevere. Again, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). Based on my review of the record, I find the ALJ's opinion regarding the severity of Plaintiff's carpal tunnel syndrome to be supported by substantial evidence of record. (ECF No. 6-2, pp. 13-49). Therefore, remand is not warranted on this basis.

C.     SSR 16-3p

Plaintiff next argues that the ALJ erred in failing to consider or mention Plaintiff's husband/employer's statement (Exhibit 14E) in violation of SSR 16-3p.[2]  (ECF No. 9, pp. 14-16).  As a result, Plaintiff submits that the case must be remanded.  *Id.* at 16.

After a review of the record, I disagree.  Just because a piece of evidence in the record is not mentioned in an ALJ's opinion does not mean, necessarily, that the evidence was not considered, as Plaintiff suggests.  In this case, during the hearing, the ALJ specifically identified Exhibit 14E as an exhibit within his file.  (ECF No. 6-2, p. 59).  Simply put, there is no requirement for an ALJ to discuss or refer in his/her opinion to every piece of relevant evidence in the record, as long as the reviewing court can determine the basis of the decision.  *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94  Fed. Appx. 130, *2 (3d Cir. April 16, 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").

Moreover, Plaintiff does not suggest or indicate how a specific citation in the opinion to Plaintiff's husband/employer's statement would change the opinion evidence or the opinion of

---

[2]SSR 16-3p provides, in relevant part, as follows:

 2. Consideration of Other Evidence
If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms. Other evidence that we will consider includes statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms, including agency personnel, as well as the factors set forth in our regulations….
                    *     *     *
 c. Non-Medical Sources
Other sources may provide information from which we may draw inferences and conclusions about an individual's statements that would be helpful to us in assessing the intensity, persistence, and limiting effects of symptoms. Examples of such sources include public and private agencies, other practitioners, educational personnel, non-medical sources such as family and friends, and agency personnel. We will consider any statements in the record noted by agency personnel who previously interviewed the individual, whether in person or by telephone. The adjudicator will consider any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file.

the ALJ. (ECF No. 9, pp. 14-16). Additionally, the statement at issue discusses Plaintiff's ability to perform her specific job under her husband's employ. (ECF No. 6-6, p.p. 57-58). The ALJ's opinion recognized that Plaintiff could not perform her past relevant work as an accounting clerk as it was actually performed. (ECF No. 6-2, pp. 48-49). The ALJ found, however, that Plaintiff could perform her past relevant work as an accounting clerk as it is generally performed. *Id.* As a result, the ALJ's failure to discuss in his opinion the statement regarding Plaintiff's ability to perform the specific job at his office is harmless.

After a review of the record, I find that I am able to sufficiently discern the basis for the ALJ's opinion and find that it is based on substantial evidence. (ECF No. 6-2, pp. 13-49). Thus, I find the ALJ did not err in failing to specifically cite to the statements of Plaintiff's husband/employer.

      D.     <u>**Weighing of Opinion Evidence**</u>

Plaintiff's final argument, in essence, is that the ALJ erred in assessing her RFC because he inadequately explained the weight given to the consultative examiner's opinion. (ECF No. 9, pp. 16-17). Specifically, Plaintiff asserts the ALJ improperly gave the consultant's opinions considerable weight and also minimal weight without sufficient explanation. *Id.* Due to this, Plaintiff submits that the ALJ has failed to provide this court with sufficient evidence upon which to conduct a meaningful review such that remand is warranted. *Id.*

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).

7

The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff attacks the ALJ's assessment of the consultant's statement. (ECF No. 9, pp. 16-17). He suggests that the ALJ must accept the entirety of the opinion or reject the

8

entirety of the opinion stating "either the process and rationale provided by the examiner was sufficient or it was insufficient." (ECF No. 9, p. 16).  This is not the case.  As set forth above, an ALJ is not required to accept a doctor's opinion uncritically.  Instead, the ALJ must weigh it in relation to all of the evidence of the record.  In this case, that is exactly what the ALJ did.

Specifically, the ALJ gave considerable weight to the portions of the consultative examiner's opinion that were consistent with the examination records and the other records of evidence and did so in specific and detailed fashion. (ECF No. 6-2, p. 24-32).   Likewise, the ALJ gave minimal weight to other portions that he found were inconsistent with the examination records, that the consultative examiner gave no explanation for the basis of the opinion, and were unsupported by other substantial evidence of record.  (ECF No. 6-2, p. 26).  These are valid and acceptable reasons for crediting and discounting evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).  I also note that "a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them...." *Hatton v. Comm'r,* 131 F. App'x 877, 879 (3d Cir. 2005) (citation omitted).  Again, consistency and supportability are valid and acceptable reasons for discounting evidence.  After a review of the record,  I find I am able to make a meaningful review and further find that basis for the ALJ's opinion is supported by substantial evidence.  (ECF No. 6-2, pp. 13-49).  Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA ZAGARI,

       Plaintiff,

 -vs-                                      Civil Action No. 19-1674

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 22nd day of February, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

                                                     BY THE COURT:

                                                     s/ Donetta W. Ambrose
                                                       Donetta W. Ambrose
                                                       United States Senior District Judge